UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSON THALER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMADOR COUNTY, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-2013 MCE GGH PS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5       A complaint must contain more than a "formulaic recitation of the elements of a cause of
6  action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8  "The pleading must contain something more ... than ... a statement of facts that merely creates a
9  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
10  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
11  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
12  v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.
13  Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
14  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
15  Id.

16       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
17  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
18  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
19  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
20  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

21       The complaint alleges that defendants, most of which are Amador County employees,
22  counsel, or judges, conspired or jointly acted to terminate plaintiff's parental rights, based on
23  false accusations by the other parent, as ordered by Amador County Superior Court, which
24  violated the civil rights of plaintiff and his son.  He claims: "the collective efforts of the
25  defendants mentioned came to fruition in the successful, but wrongful termination of the
26  Plaintiff's parental rights in it[]s entirety as ordered by Amador County Superior Courts."
27  (Compl. at 5.)  Plaintiff seeks damages as well as injunctive relief, including that "CPS/DHHS be
28  ordered to leave Plaintiff and his son in peace and never disturb them unless the cause is truly

just." (Compl. at 46.)

The court will not grant leave to file an amended complaint because it is not clear that amendment would cure the defects for the following reasons.  First, to the extent that the proceedings of which plaintiff complains are ongoing, and to the extent that plaintiff seeks prospective injunctive relief, it is inappropriate for a federal court to interfere in this family law matter pending in state court.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights); Mann v. Conlin, 22 F.3d 100, 105–106 (6th Cir.1994) (upholding district court's dismissal of § 1983 complaints about the manner in which State court judge conducted divorce, custody, and support hearings). Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, especially when there are ongoing state judicial proceedings.  Coats, 819 F.2d at 237.  In this case, plaintiff has had an adequate opportunity to raise his constitutional claims in the state courts.[1]  If plaintiff truly believes that the superior court judge's orders were erroneous, the proper recourse is appeal of those orders in the state appellate courts—not the filing of a new action in federal court.

Second, plaintiff has no standing to pursue alleged violations of 18 U.S.C. §§ 241, 242. Criminal statutes do not provide a private right of action.  See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights).  It is also well established that private actions are maintainable under federal criminal statutes in only very limited circumstances.  Cort v. Ash, 422 U.S. 66, 79, 95 S. Ct. 2080, 2088, 45 L.Ed.2d 26 (1975);

---

[1] The undersigned is aware of Atwood v. Fort Peck Tribal etc., 513 F.3d 943 (9th Cir. 2008) in which the Ninth Circuit, without citing Coats, determined that the domestic relations exception applied only in actions where jurisdiction was predicated upon diversity of citizenship. Such is not the case here.  However, this case at bar, ostensibly based on 42 U.S.C. Section 1983, is indistinguishable from Coats, and the undersigned must apply this earlier authority which has never been overruled or disapproved.

3

Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.1971), citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir.1912).  See also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (18 U.S.C. §§ 241, 242 provide no private right of action and cannot form basis for civil suit).  Therefore, plaintiff may not pursue such claims under these federal criminal statutes.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that: Plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice, and

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Thaler2013.fr